[Docket No. 1]

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

MARIO MACELLARI,

                    Plaintiff,

          v.

ATLANTIC COUNTY JUSTICE
FACILITY,

                    Defendant.

Civil No. 25-12106

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**

*Pro se* Plaintiff Mario Macellari asks this Court to allow him to proceed *in forma pauperis* (IFP) so he can sue Defendant Atlantic County Justice Facility ("the Facility"), where he is currently incarcerated as a pretrial detainee. 28 U.S.C. § 1915 allows federal courts to waive the prepayment of court fees if the litigant "is unable to pay such fees." 28 U.S.C. § 1915(a). Once a court grants an IFP application, § 1915 requires the Court to screen the litigant's complaint to ensure, among other things, it states a claim and that the lawsuit is not frivolous or malicious. *Id.* § 1915(e)(2)(B).

Third Circuit courts only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute[,]" the litigant "must establish that he is unable to pay the costs of his suit." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d

598, 601 (3d Cir. 1989)). The litigant seeking IFP status shoulders the burden "to provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for [IFP] status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (first, second, and third alterations in original) (citation and internal quotation marks omitted).

Here, after considering Macellari's Affidavit of Poverty and Account Certification, and the accompanying Offender Management System account record, the Court finds that he cannot pay the court fees. [Docket No. 1-1.] Thus, the Court grants his IFP application.

Still, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Court screens Macellari's Complaint to ensure he states a claim for relief and that his lawsuit is not "frivolous or malicious." Macellari's *pro se* status does not relieve him of his obligation to allege enough facts in the Complaint to support these claims. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his Complaint, Macellari appears to raise claims against the Facility for not providing him his "medication." [Compl. at 5-6.] Although never explicitly stated, the Court believes the medication in question is methadone as Macellari states that he is being denied his medication due to the severity of his charges but other inmates with "much more serious charges" are receiving methadone. [*Id.* at 6.]

While the denial of prescription medication can constitute a Constitutional violation, "there is no Constitutional right to methadone." *Pace v. Fauver*, 479 F.Supp. 456, 459 (D.N.J. 1979) (citing *Norris v. Frame*, 585 F.2d 1183, 1188-89 (3d Cir. 1978)).

If this Court is mistaken as to the medication Macellari alleges he is being denied, he must provide the Court with the name of the medication, who denied it, when it was denied, and any harm he suffered as a result of the denial. *See Ball v. Famiglio*, 396 F. App'x 836, 838 (3d Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Without more factual allegations, Macellari's alleged denial of methadone by the Facility is insufficient. *See Mala*, 704 F.3d at 245. Accordingly, this Court dismisses Macellari's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

For the above reasons, and for other good cause shown,

**IT IS** on this **11th day of February 2026**, hereby:

**ORDERED** that the Court **GRANTS** Plaintiff's IFP application; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** [Docket No. 1]; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty days of the date of the entry of this Memorandum Order, Plaintiff files an amended Complaint; and it is further

**ORDERED** that Defendant shall not be served before the Court's *sua sponte* screen of an amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff to his address of record by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**